1  ANNIE LAU (302438)
   alau@fisherphillips.com
2  VINCENT J. ADAMS (SBN 249696)
   vadams@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
4  San Francisco, California 94111-3712
   Telephone: (415) 490-9000
5  Facsimile: (415) 490-9001

6  Attorneys for Defendants,
   MUIR WOOD ADOLESCENT & FAMILY
7  SERVICES, LLC; MUIR WOOD, LLC; SCOTT
   SOWLE; and BRYAN BOWEN

8

9                  **UNITED STATES DISTRICT COURT**

10            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  JENNIFER VENEZIA,                          | **Case No.:**

13                        Plaintiff,            | [*Removed from Marin County Superior Court*
                                                | *Civil Case No.*:  CIV 1903451]
14            v.
                                                | **DEFENDANTS' NOTICE OF REMOVAL**
15  MUIR WOOD ADOLESCENT & FAMILY
    SERVICES, LLC; MUIR WOOD, LLC;             | State Action Filed:   September 10, 2019
16  SCOTT SOWLE, INDIVIDUALLY and             | Removal Date:         October 18, 2019
    DOING BUSINESS AS MUIR WOOD
17  ADOLESCENT AND FAMILY
    SERVICES; BRYAN BOWEN,
18  INDIVIDUALLY and DOING BUSINESS
    AS MUIR WOOD ADOLESCENT AND
19  FAMILY SERVICES; and DOES ONE
    THROUGH TWENTY;
20
                          Defendants.
21

22  **TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

23          **PLEASE TAKE NOTICE** that Defendants MUIR WOOD ADOLESCENT & FAMILY

24  SERVICES, LLC, MUIR WOOD, LLC, SCOTT SOWLE, and BRYAN BOWEN (collectively

25  "Defendants"), by and through their undersigned counsel, hereby removes the above-referenced

26  action of Plaintiff JENNIFER VENEZIA ("Plaintiff") from the Superior Court of California,

27  County of Marin to the United States District Court for the Northern District of California

28  pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                                  1

## I.   PLAINTIFF'S COMPLAINT

1.   On or about September 10, 2019, Plaintiff filed a Complaint for Damages ("Complaint") in the Superior Court of the State of California for the County of Marin, thereby initiating the civil action entitled *Jennifer Venezia v. Muir Wood Adolescent & Family Services, LLC, et al.*, Case No. CIV1903451

2.   Plaintiff's Complaint alleges six causes of actions against Defendants: (1) Solicitation of Employee by Misrepresentation under Labor Code §§ 970 – 977, (2) Medical Condition/Disability Discrimination, (3) Wrongful Termination, (4) Intentional Infliction of Emotional Distress in Violation of California Public Policy, (5) Unfair Business Practices, and (6) Promissory Estoppel.

3.   Defendants were personally served with the Summons and Complaint and all other materials on September 19, 2019. Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint that was served on Defendants and accompanying proofs of service.

4.   Based on information and belief, there are no other pleadings on file in this matter.

## II.   PLAINTIFF'S DEMAND

5.   Prior to the action being filed, the parties engaged in limited settlement discussions. On July 1, 2019, Plaintiff's counsel issued a written demand and supporting documentation, which excluded potential damages for emotional distress. Based on the communications with Plaintiff's counsels, their client's written demand, and documentation provided as part of the demand, it is apparent that the amount in controversy in this matter exceeds $75,000.00. (Declaration of Vincent J. Adams ("Adams Decl." ¶ 3.)

## III.   VENUE

6.   This action was filed in the Superior Court of California for the County of Marin. Thus, venue properly lies in the United States District Court for the Northern District of California. *See* 28 U.S.C. §§ 84(b), 1391, and 1441(a).

///

///

DEFENDANTS' NOTICE OF REMOVAL

FP 36280362.2

IV.     **BASIS FOR REMOVAL JURISDICTION**

A.     <u>**Diversity Jurisdiction**</u>

i.     <u>*Plaintiff's Citizenship*</u>

7.     To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014. It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

8.     Plaintiff's Complaint is silent as to her current residence and state of in which she is domiciled. However, communications with Plaintiff's counsels indicate that Plaintiff returned to the State of Illinois after her employment with MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC ended. *See*, Adams Decl., ¶ 4. Therefore, Defendants are informed and believe that Plaintiff is a resident and, as of the filing of the instant Complaint, resides in the State of Illinois. Accordingly, based on the representation made by the attorneys, Plaintiff is domiciled in and is a citizen of the State of Illinois. (*Id.*)

ii.     <u>*Defendant's Citizenship*</u>

9.     At the time this action was filed and at the time this Notice of Removal was filed, Defendant MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC is and was, a limited liability company organized in the State of California with its principal place of business in Petaluma, Sonoma County, California. (Declaration of Tyler Knight ("Knight Decl." ¶ 3.) MUIR

3

FP 36280362.2

WOOD ADOLESCENT & FAMILY SERVICES, LLC's headquarters and executive officers who direct, control, and coordinate all corporate activities are located in California. (*Id.*) MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC's sole member is MUIR WOOD, LLC, that is, and was, organized in the State of California with its principal place of business in Petaluma, Sonoma County, California. (*Id.* at ¶ 4.)

10.     At the time this action was filed and at the time this Notice of Removal was filed, Defendant MUIR WOOD, LLC is and was, a limited liability company organized in the State of California with its principal place of business in Petaluma, Sonoma County, California. (*Id.* at ¶ 5.) MUIR WOOD, LLC's headquarters and executive officers who direct, control, and coordinate all corporate activities are located in California. (*Id.* at ¶ 5.) All but one of the members of MUIR WOOD, LLC are citizens of the State of California and they continue to be domiciled in the State of California at all times relevant to this action. (*Id.* at ¶ 6.) Only one of member of MUIR WOOD, LLC is a citizen of the State of Arizona and continues to be domiciled in the State of Arizona at all time relevant to this action. (*Id.* at ¶ 6.)

11.     Defendant SCOTT SOWLE is the founder and Chief Executive Officer of MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC. (Declaration of Scott Sowle ("Sowle Decl." ¶ 2.) At the time of filing this action, SCOTT SOWLE was and continues to be domiciled and a citizen of the State of California (*Id.* at ¶ 3.)

12.     Defendant BRYAN BOWEN is the Chief Operating Officer and Chief Executive Officer of MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC. (Declaration of Bryan Bowen ("Bowen Decl." ¶ 2.) At the time of this filing, Defendant BRYAN BOWEN was and continues to be domiciled and a citizen of the State of California. (*Id.* at ¶ 3.)

### iii.     *Doe Defendants' Citizenship*

13.     The Complaint also names as Defendants DOES ONE THROUGH TWENTY ("DOE Defendants"). Pursuant to 28 U.S.C. §1441(b)(1), the citizenship of Defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

14.     Because Plaintiff is a citizen of Illinois and the Defendants are citizens of California and Arizona, complete diversity of citizenship exists in this matter.

### iv.     *Amount in Controversy*

15.     The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. §1332(a).

16.     The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim."). Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

17.     In the instant case, Plaintiff's complaint alleges violations of (1) Solicitation of Employee by Misrepresentation under Labor Code §§ 970 – 977, (2) Medical Condition/Disability Discrimination, (3) Wrongful Termination, (4) Intentional Infliction of Emotional Distress in Violation of California Public Policy, (5) Unfair Business Practices, and

(6) Promissory Estoppel. Plaintiff's complaint seeks an unspecified amount of actual, consequential and incidental losses, liquidated damages, civil penalties, and punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants in the community. It is facially apparent that the allegations in the complaint demonstrate that the amount in controversy in this matter exceeds $75,000.00. *White v. FCI USA, Inc.* 319 F.3d 672, 274 (5th Cir. 2003) (Satisfaction of amount in controversy threshold was "facially apparent" from wrongful termination allegations showing "lengthy list of compensatory and punitive damages.")

18.     Defendants adamantly deny Plaintiff's allegations, deny any liability, and deny that Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

19.     Further, a court must account for claims for not only compensatory damages but also punitive damages. *See, e.g.*, *Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The ultimate inquiry is what amount is put in controversy by a plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

20.     In the instant case, Plaintiff's Complaint seeks recovery of compensatory damages, general damages for emotional distress, attorney's fees, exemplary or punitive damages, liquidated damages, and civil penalties. *See,* Complaint ¶¶ 23, 24, 31, 32, 36, 37, 41, 46, 51 and p. 11:27 – 12:13 attached hereto as **Exhibit A**. Although Defendants deny Plaintiff's

6

claims of wrongdoing and her unspecified requests for relief thereon, the facial allegations in the Complaint and total amount of estimated compensatory damages, special damages, and exemplary (punitive) damages at issue are well in excess of $75,000.00.

21.     ***Compensatory Damages.*** While employed by Defendants, Plaintiff earned a salary of $125,000 per year. *See*, Knight Decl., ¶ 8 & Ex. 1. Plaintiff was terminated on or about January 7, 2019. *See*, Complaint ¶ 7. Her termination therefore occurred approximately 9 months prior to the date of this Petition for Removal. Assuming that Plaintiff worked full time, Plaintiff's lost wages, for the sake of argument, would equal approximately **$93,750.00**. This amount does not include any possible recovery of front-pay for lost income incurred following judgment after trial.

22.     ***General Damages, Including Emotional Distress.*** Plaintiff also seeks an unspecified amount of "general damages for Plaintiffs in an amount to be determined according to proof at trial." Complaint at ¶¶ 23, 31, 36, 41 46, 51 and p. 12:1-2. Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

(a)     *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded **$375,000** and **$225,000** for emotional distress damages).

(b)     *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case). *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy);

FP 36280362.2

1    *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other

2    similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

3         23.    ***Attorneys' Fees.*** Plaintiff also seeks to recover an unspecified amount in

4    attorneys' fees related to her FEHA causes of action. *See* <u>Complaint</u> at ¶¶ 31, 37, and p. 12:6-9.

5    "When attorney fees are added into the equation," the conclusion that more than $75,000 is in

6    controversy "becomes irresistible." *Parker-Williams*, 53 F.Supp.3d at 153. In the Ninth Circuit,

7    district courts have the discretion to calculate fee awards using either the lodestar method or the

8    "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*,

9    307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). Even where "the Court lacks the

10   information required to calculate [attorneys'] fees, it is difficult to believe that the amount in

11   controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along

12   with compensatory and punitive damages." *Parker-Williams*, 53 F.Supp.3d at 152. It is also

13   more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to

14   trial.

15        24.    ***Punitive Damages.*** Plaintiff also seeks punitive damages. *See,* <u>Complaint</u> ¶¶ 32,

16   36, 41, 46, and p. 12:3. Many punitive damages verdicts against businesses exceed $75,000.00.

17   *See, Dunn v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D.

18   Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any

19   award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance

20   Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995). *See also, Allen v. R&H Oil & Gas Co.,*

21   63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely

22   than not" to exceed the jurisdictional amount of $75,000).

23        25.    Although Defendants adamantly deny that any award of damages, let alone

24   punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, satisfies the

25   $75,000 requirement.

26        26.    Based on the nature of the allegations and damages sought in the Complaint, the

27   evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding

28   the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, this State

Court action may be removed to the United States District Court for the Northern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

**V.      TIMELINESS OF REMOVAL**

27.     Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,…" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

28.     Defendants were served with the Complaint on September 18, 2019 and file this removal on October 18, 2019. This Removal is accordingly timely.

**VI.     NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

29.     Written notice of this Notice of Removal in the United States District Court for the Northern District of California will be served on Plaintiff's counsels of record at Kesten-Law and the office of Steven E. Sattler. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit B** (without exhibits because the exhibit is this Notice).

30.     In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Marin. A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit C** (without exhibits because the exhibit is this Notice).

31.     MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC, MUIR WOOD, LLC, SCOTT SOWLE, and BRYAN BOWEN respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Marin, be removed to this Court based on diversity jurisdiction.

///
///
///
///

9

1       **WHEREFORE,** Defendants pray that this action be removed to this Court, that this

2  Court accept jurisdiction of this action, and that this action be placed on the docket of this Court

3  for further proceedings, the same as though this action had originally been instituted in this Court.

4

5  DATE:  October 18, 2019         FISHER & PHILLIPS LLP

6

7                       By: ___/s/ *Vincent J. Adams*_____
                            ANNIE LAU

8                            VINCENT J. ADAMS
                            Attorneys for Defendants,

9                            MUIR WOOD ADOLESCENT & FAMILY
                            SERVICES, LLC; MUIR WOOD, LLC; SCOTT

10                          SOWLE; and BRYAN BOWEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

FP 36280362.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

FP 36280362.2

**SUMMONS**
*(CITACION JUDICIAL)*



**SUM-100**

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

FILED

SEP 1 0 2019

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: Q Roary, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER VENEZIA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Marin County Superior Court | CASE NUMBER: *(Número del Caso)* CIV **1 9 0 3 4 5 1** |
|---|---|

3501 Civic Center Drive
San Rafael, CA 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Kesten, 101 Lucas Valley Road, Suite 273, San Rafael, CA 94903 (415) 457-2668

| DATE: *(Fecha)* SEP 1 0 2019 | Clerk, by *(Secretario)* **Q. ROARY** | JAMES M. KIM , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Scott Sowle, individually and Doing Business as muir wood Adolescent and Family Services

   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservate)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [✓] other *(specify):* DBA
4. [✓] by personal delivery on *(date):* 9/18/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# SUMMONS
## (CITACION JUDICIAL)



**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

SEP 10 2019

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: Q Roary, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER VENEZIA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Marin County Superior Court

3501 Civic Center Drive
San Rafael, CA 94903

**CASE NUMBER:**
*(Número del caso):* CIV 1903451

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Kesten, 101 Lucas Valley Road, Suite 273, San Rafael, CA 94903 (415) 457-2668

| DATE: *(Fecha)* SEP 10 2019 | Clerk, by **Q. ROARY** | JAMES M. KIM , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**SEAL**

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MUIR WOOD ADOLESCENT AND FAMILY SERVICES, LLC

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 9/18/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

MWAFC

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**

SEP 1 0 2019

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: *Q Roary*, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER VENEZIA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Marin County Superior Court

3501 Civic Center Drive
San Rafael, CA 94903

**CASE NUMBER:**
*(Número de Caso):*

CIV **1903451**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Kesten, 101 Lucas Valley Road, Suite 273, San Rafael, CA 94903 (415) 457-2668

**DATE:**
*(Fecha)* SEP 1 0 2019

**JAMES M. KIM**

Clerk, by **Q. ROARY** , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**SEAL**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Muir Wood Adolescent & Family Services, LLC

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9/18/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

SEP 1 0 2019

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: G Roary, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JENNIFER VENEZIA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es:) Marin County Superior Court

3501 Civic Center Drive
San Rafael, CA 94903

CASE NUMBER: (Número del Caso): CIV 1903451

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Steven Kesten, 101 Lucas Valley Road, Suite 273, San Rafael, CA 94903 (415) 457-2668

DATE: (Fecha) SEP 1 0 2019

Clerk, by (Secretario) Q. ROARY

JAMES M. KIM, Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

SEA!

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Muir Wood, LLC
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☑ by personal delivery on (date): 9/18/19

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| _ Venezia vs. Muir Wood Adolescent & Family Services | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  and DOES ONE THROUGH TWENTY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

STEVEN KESTEN, ESQ. (SBN 152376)
Kesten-Law
101 Lucas Valley Road, Suite 273
San Rafael, California 94901
Phone: (415) 457-2668
Fax:    (888) 619-3210

STEVEN E. SATTLER (SBN 112891)
448 Ignacio Boulevard, #258
Novato, CA 94949
Tel. (415) 279-6671
Fax (415) 897-7417

Attorneys for Plaintiff JENNIFER VENEZIA

FILED

SEP 10 2019

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: *Q Roary,* Deputy

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF MARIN

| | |
|---|---|
| JENNIFER VENEZIA;<br><br>            Plaintiff,<br><br>vs.<br><br>MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;  MUIR WOOD, LLC; SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES; BRYAN BOWEN, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES; and DOES ONE THROUGH TWENTY;<br><br>            Defendants. | Case No. CIV 1903451<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL<br><br>REQUESTS FOR PUNITIVE DAMAGES |

### INTRODUCTION

1.      Plaintiff JENNIFER VENEZIA'S former employers, Defendants MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;  MUIR WOOD, LLC; SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN, INDIVIDUALLY and DOING BUSINESS AS

1

MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  with operations in Marin County during all times herein mentioned; and DOES ONE through TWENTY, inclusive, and each of them, (Referred to herein as "Defendant(s)") pursuant to California Labor Code sections 200 - 204, 218.5, 226, 226.7, 226.8, 510, 910, 970 et seq., 1102.5, 1174, 1174.5, 1194, 2802 and California Business and Professions Code §§ 17200 et seq. pursuant to California Labor Code Sections 200 et seq., 203, 218.5, 226, 226.7, 558, 1174, 1174.5, 1182.11, 1194, 1194.2, 1197, 1197.1. 1198, 2802, Industrial Welfare Commission Wage Order 4-2001, and California Business and Professions Code §§ 17200 et seq. and California Fair Employment and Housing Act, Government Code Section 12940 et seq. This action alleges that DEFENDANTS have routinely violated state labor laws by inducing plaintiff to relocate from Illinois to Marin County, California through knowingly false representations regarding the nature, duration, and compensation of the work to be performed, retaliating and wrongfully terminating Plaintiff, failing to pay Plaintiff her full wages when due; failing to provide adequate itemized wage statements; failing to maintain and provide accurate records of employees' wages earned, applicable rates of compensation, and hours worked, Disscrimination Based on a medical condition/Disability, Failure to Engage in the Interactive Process, Failure to Accommodate a medical condition /Disability, Discrimination Based on Sex, Failure to Prevent Discrimination in the Workplace, and Intentional Infliction of Emotional Distress.

2.       Plaintiff alleges that Defendants' employment practices are unlawful, unfair, and contrary to the public policies of the State of California.  Plaintiff alleges that by violating the state labor laws enumerated herein, Defendants have engaged in and continue to engage in unfair and unlawful business practices in violation of California Labor Code section 970 and California's Unfair Competition Law (Business and Professions Code §§ 17200, et seq.), causing injury to Plaintiff.  Plaintiff timely filed a DFEH complaint and received a right to sue notice prior to the filing of this complaint.

3.       Plaintiff seeks restitution of all benefits obtained by Defendants from their unlawful business practices; restitution in the form of back pay for under-compensated work; restitution for the benefit of the bargain for under-compensated work and for post-termination loss of earnings and future loss of earnings; other damages permitted by law, including accrued interest pursuant to California law; recovery of penalties; general damages including emotional

2

1  distress; injunctive and declaratory relief; all other forms of equitable relief permitted by law;

2  judicial determination of promissory estoppel; and reasonable attorneys' fees and costs.

### JURISDICTIONAL ALLEGATIONS

3  4.     Venue as to each Defendant is proper in this judicial district, pursuant to CCP §

4  395(a), Defendants operated a business and transacted business within the State of California.

5  Defendants, and each of them, employed Plaintiff in Marin County, State of California, plaintiff

6  relocated from Illinois to Marin County, California, worked at the Defendant's San Rafael

7  location. Defendants maintain offices, transacts business, and/or had agents and employees in the

8  State of California, and are otherwise within this Court's jurisdiction for purposes of service of

9  process.  The unlawful acts alleged herein had a direct effect on Plaintiff within the State of

10  California and Marin County.

11  5.     Plaintiff brings this action on behalf of herself against Defendants pursuant to

12  Government Code Section 12940 et seq., California Labor Code Sections 200 - 204, 218.5, 226,

13  226.7, 226.8, 510, 970, 971, 1174, 1174.5, 1194, 2802; Industrial Welfare Commission Wage

14  Order 4-2001, California Business & Professions Code section 17200 *et seq.*, and California

15  Code of Civil Procedure sections 395 and 395.5, in that Defendants' liability arises pursuant to

16  their employment of Plaintiff in the State of California, County of Marin.

17  6.     As a consequence of defendants' misconduct as further alleged herein, plaintiff

18  suffered and continues to suffer damages in excess of the jurisdictional requirements of the

19  limited jurisdiction branch of this Court.

### PARTIES

20  7.     Plaintiff. Plaintiff, JENNIFER VENEZIA, was living in the State of Illinois

21  when, beginning in approximately February 2018, defendants induced her to relocate to

22  California through knowingly false misrepresentations regarding the nature, duration, and

23  compensation of the work to be performed and in reliance thereon, Jennifer Venezia did relocate

24  to Marin County, California and became employed with defendants MUIR WOOD

25  ADOLESCENT & FAMILY SERVICES, LLC; MUIR WOOD, LLC; SCOTT SOWLE,

26  INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY

27  SERVICES; BRYAN BOWEN, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD

28  ADOLESCENT AND FAMILY SERVICES; and Does One through 20, inclusive. Defendants

employed Plaintiff from approximately January 7, 2019 and defendants terminated Ms. Venezia

on January 30, 2018, barely three weeks later.

3

8.    <u>Defendants</u>.  Plaintiff is informed and believes and thereon alleges that Defendants MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;  MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  and Does 1 through 20, and each of them were at all relevant times doing business in Marin County, California. Defendants are sued in their capacity as Plaintiff's employer or persons acting on behalf of Plaintiff's employer.  Plaintiff is informed and believes and thereon alleges that the resulting damages were proximately caused by said Defendants' conduct.

9.    Plaintiff is ignorant of the true names and capacities of the defendants named herein as DOES ONE through TWENTY, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this Complaint to show the true names and capacities when ascertained.  Plaintiff is likely to have evidentiary support, after reasonable opportunity for further investigation, research and discovery, to support their allegation that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by said Defendants' conduct.

10.    Plaintiff is informed and believes and thereon allege that at all times material to this action, each Defendant -- including each sued herein as DOES One through Twenty were the agents, or employees of, or co-conspirators with and/or working in concert with, each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, employment, concerted activity, or conspiracy.  Plaintiff further alleges that, to the extent that specific acts or omissions were perpetrated by a certain defendant, the remaining defendant or defendants confirmed and ratified said acts and omissions.

11.    All references to "Defendant," "Defendants," "DEFENDANT," "Defendants Muir," "DEFENDANTS," "company," "company's," "employer" or any similar language, whether singular or plural, shall mean "Defendants, and each of them" when used throughout this complaint unless otherwise stated.

## FACTUAL ALLEGATIONS

12.    On or about November 2018, Defendants through their agents and employees, including but not limited to Defendant Scott Sowel,  and Defendant Bryan Bowen, and induced Plaintiff Jennifer Venezia, a woman, to move from her home in Illinois to the San Francisco Bay area, California for the purpose of working for Muir Wood Adolescent and Family Services in

4

1   the capacity of National Director of Clinical Outreach, with the duty of developing the business

2   and the number of residents.

3            13.     Muir began recruiting Plaintiff in approximately February 2018. Muir induced

Plaintiff to change her residence to California by making knowingly false representations to

4   Plaintiff concerning, in part, the kind and character of the work, the length of the time the work

5   will last and the compensation of the work. Plaintiff was encouraged to pack up her belongings,

6   her life in Illinois and move to California based on the Defendants' false representations that she

7   would enjoy stable, long term employment – 6 years, work and annual compensation of

8   $125,000, and quarterly bonuses of $10,000 formula, would be third in charge and would

9   become invested in the company receiving shares of stock and work under Scott Sowel.

10            14.     Plaintiff, in reliance on the false representations provided to her, resigned her job

11   of 2 ½ years, packed up, left her Illinois life behind and moved to California where she began

12   employment with Defendants on approximately January 7, 2019.

13            15.     Despite being ill, ill enough to warrant a hospital stay, Plaintiff commenced her

14   employment with Defendants and using her many years of experience engaged in all the acts

required to be an exemplary Director of Clinical Outreach. Her position with Defendants was

15   created for Plaintiff and not held by anyone previously; Muir provided no training for the

16   position; Plaintiff was ill; Yet Plaintiff was still effective in her work and got her job done.

17            16.     Plaintiff was terminated by defendants due to her medical condition on or about

18   January 30, 2019.

19            17.     Defendants terminated Plaintiff barely three weeks into her employment as

20   Director of Clinical Outreach. Plaintiff was encouraged to move to California from Illinois based

21   on the assurances she received, including but not limited to the misrepresentation this would be a

22   long-term career position working directly under Scott Sowell. Were it not for these promises,

Plaintiff would not have given up her existing employment and would not have moved herself

23   across the country at great expense only to be left without employment only three weeks after

24   starting employment with Defendants.

25            18.     At no time did Defendants discuss an accommodation for Plaintiff for her short-

26   term medical issue/disability. Plaintiff was able to and did perform the essential functions of the

27   position at issue with or without reasonable accommodation.

28            19.     Defendants made it clear to plaintiff that her employment position with

defendants would be long term in nature.

5

**FIRST CAUSE OF ACTION**
**(Solicitation of Employee by Misrepresentation Under Labor Code §§970-977)**
**AGAINST DEFENDANTS MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;**
**MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS**
**MUIR WOOD ADOLESCENT AND FAMILY SERVICES; BRYAN BOWEN,**
**INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND**
**FAMILY SERVICES; and DOES ONE through TWENTY**

20.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

21.    Defendants, their agents, servants and employees did influence, persuade, or engage plaintiff to change and relocate her residence from Illinois to California, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning:

(a) The kind, character, or existence of such work; and

(b) The length of time such work will last, or the compensation therefor.

22.    Defendants' conduct, as described in this complaint, was, and is, a violation of Labor Code §§970-977.

23.    As a result of Defendants' conduct, Plaintiff has lost and will continue to lose compensation and benefits and has suffered emotional distress, moving expenses and other damages due to defendants herein described misconduct, in amounts according to proof at the time of trial.

24.    Pursuant to California Labor Code §§970, 971, 972, 976, defendants are liable to plaintiff for double damages resulting from the above-stated misrepresentations.

**SECOND CAUSE OF ACTION**
**MEDICAL CONDITION/DISABILITY DISCRIMINATION**
**VIOLATION OF CAL. GOV'T CODE § 12900 *et seq.***
**AGAINST DEFENDANTS MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;**
**MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS**
**MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN,**
**INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND**
**FAMILY SERVICES;   and DOES ONE through TWENTY**

25.    Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those that are inconsistent with this cause of action.

6

*COMPLAINT FOR DAMAGES*

1        26.    All of the above conduct was based on and in response to PLAINTIFF's known

2 medical condition/disability, and was conduct perpetrated in violation of Government Code §§

3 12900 *et seq.*  PLAINTIFF alleges that at certain times relevant to this complaint she was

4 subjected to and forced to endure discrimination based on her medical disability, and was subject

5 to retaliation for asking for a reasonable accommodation. Prior to filing this complaint Plaintiff

6 exhausted her administrative remedies and obtained a Right to Sue Letter, which was served on

7 Defendant MUIR WOOD ADOLESCENT AND FAMILY SERVICES.

8        27.    Defendant's acts were malicious, oppressive or discriminatory with intent to vex,

9 injure, annoy, humiliate and torment PLAINTIFF in conscious disregard of the rights or safety of

10 PLAINTIFF, and in furtherance of Defendant MUIR WOOD ADOLESCENT AND FAMILY

11 SERVICES' ratification of the wrongful conduct of the representatives and/or agents of

12 Defendant MUIR WOOD ADOLESCENT AND FAMILY SERVICES.  Accordingly,

13 PLAINTIFF is entitled to recover punitive damages from Defendants and each of them including

14 but not limited to MUIR WOOD ADOLESCENT AND FAMILY SERVICES.

15        28.    At all relevant time periods Defendants failed to make an adequate response and

16 investigation into the conduct of Defendant's supervisors /agents and the aforesaid pattern and

17 practice of discrimination, and thereby established a policy, custom, practice or usage within

18 Defendant's organization which condoned, encouraged, tolerated, sanctioned, ratified, approved

19 of, and/or acquiesced in unlawful disability discrimination towards employees of Defendants,

20 including, but not limited to, PLAINTIFF.

21        29.    At all relevant time periods there existed within the organization of Defendants a

22 pattern and practice of conduct by their management personnel which resulted in medical

23 condition disability discrimination, including but not necessarily limited to, conduct directed at

24 PLAINTIFF.

25        30.    The failure of Defendants to provide any or adequate education, training, and

26 information to personnel concerning policies and practices regarding disability discrimination,

27 constituted deliberate indifference to the rights of employees, including but not limited to those

28 of PLAINTIFF.

1    31.    By reason of the conduct of Defendants as alleged herein, PLAINTIFF has

2  necessarily retained attorneys to prosecute the within action.  PLAINTIFF is therefore entitled to

3  reasonable attorney's fees and litigation expenses, including expert witness fees and costs,

4  incurred in bringing the within action.  As a result of Defendants' actions, PLAINTIFF sustained

5  economic damages to be proven at trial.  As a further result of Defendants' actions, PLAINTIFF

6  suffered severe emotional distress resulting in damages to be proven at trial.

7    32.    The above harassing and discriminatory conduct violates FEHA, Government

8  Code §§ 12900 et seq. and California Public Policy and entitles PLAINTIFF to all categories of

9  damages, including compensatory, exemplary or punitive damages.

10

11    **THIRD CAUSE OF ACTION**
        **WRONGFUL TERMINATION**
12    **VIOLATION OF CAL. GOV'T CODE §§12940 et seq.**
      **AGAINST MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;  MUIR WOOD,**
13    **LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD**
      **ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN, INDIVIDUALLY and**
14    **DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;   and**
15    **DOES ONE through TWENTY**

16

17    33.    Plaintiff re-alleges and incorporates by reference each and every allegation

18  contained in this complaint as though fully set forth herein with the exception of those

19  allegations that are inconsistent with this cause of action.

20    34.    At all relevant times, the California Constitution and California Labor Code were

21  in effect serving to prohibit discrimination, including termination, of employees based upon

    disability.

22    35.    As a result of Defendants' conduct, Plaintiff has suffered emotional distress and

23  has lost and will continue to lose compensation and benefits and has suffered emotional distress,

24  moving expenses and other damages due to defendants herein described misconduct and loss of

25  her employment position.

26    36.    DEFENDANTS, and each of them, did the acts alleged herein maliciously,

27  fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper

28  motive amounting to a conscious disregard of Plaintiff's rights.  The acts complained of were

    known to, authorized and ratified by DEFENDANTS, and each of them.  Plaintiff is therefore

entitled to recover all forms of general and special damages including punitive damages from
DEFENDANTS, and each of them, in amounts according to proof at trial.

37.     In the event Plaintiff successfully prosecutes her action for wrongful termination
based on her disability pursuant to Government Code Section 12940 et seq., plaintiff is entitled to
recover attorney fees pursuant to Government Code Section 12940 et seq.   Requiring that
defendants properly compensate employees and refrain from terminating them for complaining
about illegal wage practices protects future employees and protects the public at large from being
victimized by unfair labor practices.  Attorneys' fees, as a matter of public policy should not be
paid out of Plaintiff's recovery. Government Code Section 12940 et seq.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**IN VIOLATION OF CALIFORNIA PUBLIC POLICY**
**AGAINST DEFENDANTS MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;**
**MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS**
**MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN,**
**INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND**
**FAMILY SERVICES;   and DOES ONE through TWENTY**

38.     Plaintiff incorporates by reference all of the factual allegations set forth in this
complaint except those that are inconsistent with this cause of action.

39.     DEFENDANTS engaged in the outrageous conduct towards Plaintiff described
hereinabove, with the intention to cause or with reckless disregard for the probability of causing
Plaintiff to suffer severe emotional distress.  Defendants and each of them induced plaintiff to
terminate her employment and residence in Illinois and move to California by knowingly and
intentionally misrepresenting to plaintiff the kind, character, or existence of such work and the
length of time such work would last.  Defendants and each of them terminated Plaintiff from her
position because of plaintiff's medical condition/disability.  As a proximate result of Defendants
illegal conduct Plaintiff has suffered, and will continue to suffer extreme mental distress,
anguish, humiliation, and emotional and physical injuries, as well as economic losses, all to her
damage in amounts to be proven at trial.

40.     Because Defendants' conduct violated the public policy enshrined in the various
Labor Code and Government Code Statutes enumerated herein, said conduct was outside the

9

1   traditional employment bargain and therefore not pre-empted by workers' compensation

2   insurance.

3         41.    DEFENDANTS, and each of them, did the acts alleged herein maliciously,

4   fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper

5   motive amounting to a conscious disregard of Plaintiff's rights.  The acts complained of were

6   known to, authorized and ratified by DEFENDANTS, and each of them.  Plaintiff is therefore

7   entitled to recover all forms of general and special damages including punitive damages from

    DEFENDANTS, and each of them, in amounts according to proof at trial.

8   **FIFTH CAUSE OF ACTION**
    **UNFAIR BUSINESS PRACTICES**
9   **IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 et seq.**
    **AGAINST DEFENDANTS MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC;**
10  **MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS**
    **MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN,**
11  **INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND**
    **FAMILY SERVICES;   and DOES ONE through TWENTY**
12

13        42.    Plaintiff incorporates by reference all of the factual allegations set forth in this

14  complaint except those that are inconsistent with this cause of action.

15        43.    DEFENDANTS engaged in the recruiting, soliciting and hiring of plaintiff as

16  described herein in a manner that constitutes unfair business practice pursuant to Business and

17  Professions Code §17200 et seq.  outrageous conduct towards Plaintiff described hereinabove,

18  with the intention to cause or with reckless disregard for the probability of causing Plaintiff to

19  suffer severe emotional distress.

20        44.  Defendants and each of them induced plaintiff to terminate her employment and

21  residence in Illinois and move to California by knowingly and intentionally making the

22  misrepresentations stated above; and terminated Plaintiff from her position at Muir because of

23  plaintiff's disability after failing to help her succeed in her employment role because of her

24  disability.  As a proximate result of Defendants illegal conduct Plaintiff has suffered, and will

25  continue to suffer extreme mental distress, anguish, humiliation, and emotional and physical

26  injuries, as well as economic losses, all to his damage in amounts to be proven at trial.

27        45.    Because Defendants' conduct violated the public policy enshrined in the various

28  Labor Code, Business and Professions Code and Government Code Statutes enumerated herein,

*COMPLAINT FOR DAMAGES*

said conduct was outside the traditional employment bargain and therefore not pre-empted by workers compensation.

46.     DEFENDANTS, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiffs, from an improper motive amounting to a conscious disregard of Plaintiff's rights.  The acts complained of were known to, authorized and ratified by DEFENDANTS, and each of them.  Defendants are subject to civil penalties and Plaintiff is therefore entitled to recover all forms of general and special damages including punitive damages from DEFENDANTS, and each of them, in amounts according to proof at trial.

## SIXTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL
AGAINST DEFENDANTS MUIR WOOD ADOLESCENT & FAMILY SERVICES, LLC; MUIR WOOD, LLC;  SCOTT SOWLE, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;  BRYAN BOWEN, INDIVIDUALLY and DOING BUSINESS AS MUIR WOOD ADOLESCENT AND FAMILY SERVICES;   and DOES ONE through TWENTY

47. Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those that are inconsistent with this cause of action.

48. Defendants, and each of them, made promises through oral and written representations as described above.

49. Defendants, and each of them, should have reasonably expected that Plaintiff would rely on such promises.

50. Plaintiff did in fact justifiably rely on defendants promises by agreeing to employment with defendants, quitting her employment in Illinois, relocating from Illinois to Marin County, California and beginning employment with defendants. Accordingly, Defendants were estopped from taking any action that was contrary to the written and oral promises made by them to Plaintiff.

51. As a result of Defendants false promises and misrepresentations, Plaintiff suffered special and general damages in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

11

1.    Compensatory and general damages for Plaintiffs in an amount to be determined according to proof at trial.

2.    For exemplary and punitive damages in amounts according to proof;

3.    Actual and/or liquidated damages pursuant to <u>Labor Code § 226(e)</u>;

4.    Penalty assessment for violations of the Labor Code pursuant to <u>Labor Code §§200-204, 218.5, 226.7, 226.8 & 2802</u>;

5.    Reasonable Attorney's fees and costs under <u>Labor Code §§ 970 et seq., 218.5, 226, 226.8, 1102.5, 1174, 1174.5, 1194, 2699 & 2802, CCP 1021.5, Government Code § 12940 et seq.,</u> and a multiplier based on the court's discretion for plaintiff's counsel having taken the case involving the public interest;

6.    <u>Civil penalties pursuant to Labor Code §§ 226, 558, 1198.5</u>;

7.    Double damages pursuant to Labor Code §§970, 972;

8.    Civil penalties for each violation of Business and Professions Code §§17200 et seq.

9.    For such other and further relief as the Court deems just, equitable, and proper.

Dated:    9/4/19                    KESTEN-LAW


By_____
          Steven Kesten
          Attorneys for Plaintiff
          JENNIFER VENEZIA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims.

Dated:    9/9/14                    KESTEN-LAW


By_____
          Steven Kesten
          Attorneys for Plaintiff
          JENNIFER VENEZIA

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

| | |
|---|---|
| PLAINTIFF: Venezia | CASE NO. CIV **1903451** |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Muir Weed Adolescent & Family Services, LLC, ET AL | (Pursuant to Government Code Section 68600 et seq.) |

*Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge _**STEPHEN P. FRECCERO**_ in Courtroom _A_ .

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

   Failure to File Proof of Service      11 / 19 / 2019   8:30 /9:00 A.M.

   Failure to Answer          12 / 18 / 2019   8:30 /9:00 A.M.

2. Parties must appear for Case Management Conference on   01 / 28 / 2020  8:30 /9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution:  Original - Court File;  Canary - Plaintiff*

**MARIN COUNTY SUPERIOR COURT**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040



**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE**
(California Rule of Court 3.221)

**The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case.

## ADVANTAGES OF ADR

### Save Time

A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

### Save Money

When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

### Increase Control Over the Process and the Outcome

In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

### Preserve Relationships

ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

### Increase Satisfaction

In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, **you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# EXHIBIT B

21
22
23
24
25
26
27
28

FP 36280362.2

1   ANNIE LAU (302438)
    alau@fisherphillips.com
2   VINCENT J. ADAMS (SBN 249696)
    vadams@fisherphillips.com
3   FISHER & PHILLIPS LLP
    One Embarcadero Center, Suite 2050
4   San Francisco, California 94111-3712
    Telephone: (415) 490-9000
5   Facsimile: (415) 490-9001

6   Attorneys for Defendant,
    MUIR WOOD ADOLESCENT & FAMILY
7   SERVICES, LLC; MUIR WOOD, LLC; SCOTT
    SOWLE; and BRYAN BOWEN
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF MARIN

11

12  JENNIFER VENEZIA,                    CASE NO.:  CIV1903451
                                         *[Unlimited Jurisdiction]*
13              Plaintiff,
                                         *Assigned for all purposes to the*
14      v.                               *Honorable Stephen P. Freccero, Crtrm. A*

15  MUIR WOOD ADOLESCENT & FAMILY        **DEFENDANTS' NOTICE TO PLAINTIFF'S**
    SERVICES, LLC; MUIR WOOD, LLC;       **COUNSEL OF FILING OF NOTICE OF**
16  SCOTT SOWLE, INDIVIDUALLY and        **REMOVAL**
    DOING BUSINESS AS MUIR WOOD
17  ADOLESCENT AND FAMILY
    SERVICES; BRYAN BOWEN,               State Action Filed:    September 10, 2019
18  INDIVIDUALLY and DOING BUSINESS      Removal Date:          October 18, 2019
    AS MUIR WOOD ADOLESCENT AND
19  FAMILY SERVICES; and DOES ONE
    THROUGH TWENTY;
20
                Defendants.
21

22          **TO PLAINTIFF JENNIFER VENEZIA AND HER ATTORNEYS OF RECORD:**

23          **PLEASE TAKE NOTICE** that on October 18, 2019, Defendants MUIR WOOD

24  ADOLESCENT & FAMILY SERVICES, LLC, MUIR WOOD, LLC, SCOTT SOWLE, and

25  BRYAN BOWEN (collectively "Defendants") by and through the undersigned counsel, filed a

26  Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-

27  captioned action to the United States District Court for the Northern District of California.

28  Attached hereto as **Exhibit A** is a copy of the Notice of Removal (including all exhibits) that was

                                         1

filed in the United States District Court for the Northern District of California and is incorporated

herein.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446(d) the

filing of the Notice of Removal in the United States District Court effectuates the removal of this

action. Accordingly, the above-captioned litigation may not proceed unless and until the case is

remanded.

DATE:  October 18, 2019             FISHER & PHILLIPS LLP

By: _____
ANNIE LAU
VINCENT J. ADAMS
Attorneys for Defendants,
MUIR WOOD ADOLESCENT & FAMILY
SERVICES, LLC; MUIR WOOD, LLC; SCOTT
SOWLE; and BRYAN BOWEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# EXHIBIT C

21
22
23
24
25
26
27
28

1  ANNIE LAU (302438)
   alau@fisherphillips.com
2  VINCENT J. ADAMS (SBN 249696)
   vadams@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
4  San Francisco, California 94111-3712
   Telephone: (415) 490-9000
5  Facsimile: (415) 490-9001

6  Attorneys for Defendant,
   MUIR WOOD ADOLESCENT & FAMILY
7  SERVICES, LLC; MUIR WOOD, LLC; SCOTT
   SOWLE; and BRYAN BOWEN

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF MARIN**

11

| | |
|---|---|
| 12  JENNIFER VENEZIA, | CASE NO.:   CIV1903451 |
| 13           Plaintiff, | *[Unlimited Jurisdiction]* |
| 14      v. | *Assigned for all purposes to the* |
| | *Honorable Stephen P. Freccero, Crtrm. A* |
| 15  MUIR WOOD ADOLESCENT & FAMILY | **DEFENDANTS' NOTICE TO THE** |
|     SERVICES, LLC; MUIR WOOD, LLC; | **COURT OF FILING OF NOTICE OF** |
| 16  SCOTT SOWLE, INDIVIDUALLY and | **REMOVAL** |
|     DOING BUSINESS AS MUIR WOOD | |
| 17  ADOLESCENT AND FAMILY SERVICES; | |
|     BRYAN BOWEN, INDIVIDUALLY and | State Action Filed:    September 10, 2019 |
| 18  DOING BUSINESS AS MUIR WOOD | Removal Date:         October 18, 2019 |
|     ADOLESCENT AND FAMILY SERVICES; | |
| 19  and DOES ONE THROUGH TWENTY; | |
| 20           Defendants. | |

21

22  **TO THE CLERK OF THE COURT OF MARIN COUNTY:**

23          **PLEASE  TAKE  NOTICE**  that  on  October  18,  2019,  Defendants  MUIR  WOOD

24  ADOLESCENT & FAMILY SERVICES, LLC, MUIR WOOD, LLC, SCOTT SOWLE, and

25  BRYAN BOWEN (collectively "Defendants") by and through the undersigned counsel, has filed

26  a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-

27  captioned action to the United States District Court for the Northern District of California.

28

                                    1
       DEFENDANTS' NOTICE TO THE COURT OF FILING OF NOTICE OF REMOVAL
FP 36284619.1

Attached hereto as **Exhibit A** is a copy of the Notice of Removal (including all exhibits) that was filed in the United States District Court for the Northern District of California.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d) the filing of the Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, this Court may not proceed further with the above-captioned litigation unless and until the case is remanded.

DATE:  October 18, 2019                          FISHER & PHILLIPS LLP


By: _____
ANNIE LAU
VINCENT J. ADAMS
Attorneys for Defendants,
MUIR WOOD ADOLESCENT & FAMILY
SERVICES, LLC; MUIR WOOD, LLC; SCOTT
SOWLE; and BRYAN BOWEN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law office of Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111-3712.

On October 18, 2019 I served the foregoing document entitled **DEFENDANTS' NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action as follows:

| STEVEN KESTEN, ESQ. | STEVEN E. SATTLER |
|---|---|
| Kesten-Law | 448 Ignacio Boulevard, #258 |
| 101 Lucas Valley Road, Suite 273 | Novato, CA 94949 |
| San Rafael, California 94901 | Tel.: (415) 279-6671 ' |
| Tel: (415) 457-2668 | Fax: (415) 897-7417 |
| Fax: (888) 619-3210 | |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Nationwide Legal, LLC, whose business address is 859 Harrison Street, Suite A, San Francisco, CA 94107.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed October 18, 2019 at San Francisco, California.

| Natalie Larios | By: |
|---|---|
| Print Name | Signature |

FP 36280362.2