United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER VENEZIA,<br>    Plaintiff,<br>       v.<br>MUIR WOOD, LLC, et al.,<br>    Defendants. | Case No. 19-cv-06760-PJH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff Jennifer Venezia's ("plaintiff") motion for remand came on for hearing before this court on December 11, 2019. Plaintiff appeared through her counsel, Steven Kesten and Steven Sattler. Defendants Muir Wood Adolescent & Family Services, LLC ("defendant Muir Wood Adolescent LLC"), Muir Wood LLC ("defendant Muir Wood LLC"), Scott Sowle ("defendant Sowle"), and Bryan Bowen ("defendant Bowen") (collectively, "defendants") appeared through their counsel, Annie Lau. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** plaintiff's motion to remand for the reasons provided below and at the hearing. Correspondingly, the court **TERMINATES** without decision defendants' respective motions to dismiss (Dkt. 7-10).

**BACKGROUND**

On September 10, 2019, plaintiff initiated this action against defendants in Marin County Superior County. Dkt. 1, Ex. A. (Compl.). In her complaint, plaintiff alleges various tort and employment-related claims arising out of defendants' purportedly inducing her to leave Illinois for employment in Marin County and subsequent discrimination on the basis of her medical conditions. On October 25, 2019, shortly after

1  this action's removal on October 18, 2019, defendants filed four respective motions to
2  dismiss for failure to state a claim under Rule 12(b)(6). Dkt. 7-10. On November 8,
3  2019, plaintiff filed the instant motion to remand. Dkt. 13.

4  Defendants filed their notice of removal on the basis of diversity jurisdiction under Title 28 U.S.C. § 1332. Dkt. 1. In it, they assert various jurisdictional facts that are dispositive of the instant motion to remand. In particular, defendants offer testimonial evidence that defendant Muir Wood Adolescent LLC and defendant Muir Wood LLC are, and at the time of removal were, California limited liability companies with their principal places of business in Sonoma County. Dkt. 1-5 ¶¶ 3, 5. They further assert that defendant Sowle and defendant Bowen are, and at the time of removal were, citizens of California. Dkt. 1-4 ¶ 3; Dkt. 1-3 ¶ 3. At oral argument, counsel for defendants did not dispute these assertions.

Since this action's removal, plaintiff has filed a joint stipulation to continue the hearing on defendants' motions to dismiss (Dkt. 12), two combined oppositions in response to such motions (Dkt. 16 and Dkt. 17), and two filings in connection with the instant motion (Dkt. 13 and Dkt. 20).

## DISCUSSION

### A. Legal Standard

A federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). As a general matter, a defendant may remove an action to federal court if such court would have original jurisdiction over such action. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending.").

Title 28 U.S.C. § 1441(b)(2), however, provides that an action may not be removed solely on diversity grounds if any served defendant to such action is a citizen of the forum state. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Spencer v. U.S. Dist. Court for N. Dist. of Ca., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.") (citing Title 28 U.S.C. § 1441(b)). The Ninth Circuit has remarked that this subsection, also known as "the forum defendant" rule, "reflects the belief that federal diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." Spencer, 393 F.3d at 870 citing Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 345 (4th ed. 2003). The Ninth Circuit has further remarked that "[t]he forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed." Id. at 871.

A removing party's failure to comply with Title 28 U.S.C. § 1441(b)(2) is a procedural defect, not a jurisdictional one. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006) ("[Title 28 U.S.C.] §1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. As explained below, we hold that this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule."). Given the procedural nature of such defect, a plaintiff may waive her ability to challenge it. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006) ("We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30–day time limit imposed by § 1447(c).").

Courts have acknowledged that a plaintiff may waive her ability to challenge a

1 procedural defect in removal when, following removal, a plaintiff participates in certain
2 "affirmative conduct or unequivocal assent of a sort which would render it offensive to
3 fundamental principles of fairness to remand." Barahona v. Orkin, 2008 WL 4724054, at
4 *3 (C.D. Cal. Oct. 21, 2008); Alarcon v. Shim Inc., 2007 WL 2701930, at *2 (N.D. Cal.
5 Sept. 13, 2007) ("The type of post-removal conduct that has been held to constitute
6 waiver of the right to remand is affirmative conduct or unequivocal assent of a sort which
7 would render it offensive to fundamental principles of fairness to remand").

### B. Analysis

Here, defendants removed this action from Marin County Superior Court in violation of Title 28 U.S.C. § 1441(b)(2) because they are all citizens of the action's forum state, California. Defendants do not dispute such violation. At oral argument, counsel for defendants characterized the removal as an oversight and acknowledged that there was no basis to remove the case. As a result, the court finds that defendants' removal was procedurally improper in the first instance.

Despite their conceded mistake, defendants contest that plaintiff waived her ability to challenge removal on grounds of her "affirmative" litigation conduct in this court. The court disagrees. Plaintiff's post-removal conduct in this action—a joint stipulation to continue a hearing, oppositions to defendants' motions to dismiss, and the instant motion to remand—did not avail her to the benefits or strategic advantages necessary to support a finding of "unequivocal assent" that "would render it offensive to fundamental principles of fairness to remand." Alarcon, 2007 WL 2701930, at *2. To the contrary, to protect her rights, plaintiff was required to file her oppositions to defendants' motions to dismiss, which the court notes were filed within only a week of removal. Moreover, the court cannot find that plaintiff somehow assented to this court's subject matter jurisdiction by virtue of filing the instant motion, which sought **remand** to state court. Lastly, the fact that plaintiff filed a stipulation with this court to continue a hearing by two weeks—which defendants mutually agreed to—is of no moment here. In short, the court finds that defendants improperly removed this action and plaintiff did not waive her right to

4

challenge such defect.

## CONCLUSION

The court GRANTS plaintiff's motion to remand and REMANDS this action to the Marin County Superior Court. The court further TERMINATES without decision defendants' motions to dismiss (Dkt. 7-10).

**IT IS SO ORDERED.**

Dated: December 23, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge